UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GARGANUS MOORE,

    Plaintiff,

    v.

LT. HERR, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-479-JD-MGG

OPINION AND ORDER

Garganus Moore, a prisoner without a lawyer, filed a complaint alleging that prison staff failed to protect him in violation of the Eighth Amendment while housed at the Westville Correctional Facility. In his complaint, Moore sues Lieutenant Herr, Sergeant Olson, and Captain Earhart for compensatory and punitive damages. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Moore states that, on May 9, 2019, he was moved from dorm C2 to dorm P1. ECF 2 at 2. Immediately after being moved to dorm P1, he asked Captain Earhart to place him in protective custody. *Id*. However, Captain Earhart told Moore that he would need to speak to Sergeant Olson about his request. *Id*. Moore told

Sergeant Olson that he needed to be placed in protective custody because he was "afraid for [his] life" as "gang members (GMS) [were] out to get [him] for a debt [he owed]." *Id*. He explained that GMS gang members had been sending notes to other GMS gang members in the prison telling them to "collect the debt and threatening [his] life if [he did not] pay." *Id*. Moore had previously memorialized these threats by utilizing protective custody forms Sergeant Olson had given him to fill out. *Id*. at 2-3.

Because Moore requested protective custody, Sergeant Olson placed him in a holding cell. *Id*. at 3. Shortly after being placed in the cell, Lieutenant Herr entered the cell, yelled at Moore, and told him he was going to be housed in dorm P1. *Id*. Moore alleges he told Lieutenant Herr that his life would be in danger if he stayed in dorm P1, but Lieutenant Herr yelled that he did not care and told him to come out of the holding cell. *Id*. He claims that Lieutenant Herr's "verbal communication and body language w[ere] very intimidating with the way he was yelling and walking towards [him]." *Id*. In fact, Moore felt that if he refused Lieutenant Herr's orders, Lieutenant Herr would have "put his hands on [him]" and forcibly placed him in dorm P1. *Id*.

When Moore came out of the holding cell, Lieutenant Herr, Sergeant Olson, and Captain Earhart were all staring at him. ECF 2 at 3. He once again told them that his life would be in danger if he were housed in dorm P1. *Id*. Moore claims he heard them say that he was going to dorm P1 even if they had to handcuff and walk him there. *Id*. They then proceeded to walk toward him. *Id*. Because he felt he had no choice, Moore began walking to dorm P1 with Lieutenant Herr and Sergeant Olson trailing behind him. *Id*.

2

Once he arrived at the dorm, an inmate followed him into the bathroom and asked him about the debt. ECF 2 at 3. Moore responded that he did not owe the inmate a debt. *Id*. A second inmate entered the bathroom, which caused him to take his eyes off of the first inmate. *Id*. The first inmate then attacked him and knocked him out. *Id*. When he was able to get up from the floor, he noticed that blood was running down his left cheek. *Id*. at 3-4. His left eye had been busted open in two places and his eyes were swollen and purple. *Id*. at 4. Sergeant Olson took pictures of Moore's injuries and escorted him to the medical department where he received stitches for his left eye. *Id*.

Moore asserts an Eighth Amendment claim against Lieutenant Herr, Sergeant Olson, and Captain Earhart for failing to protect him from being assaulted on May 9, 2019. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Accepting Moore's allegations as true and giving him the benefit of the inferences to which he is entitled at this stage of the proceedings, he has alleged facts from which it can be inferred that Lieutenant Herr, Sergeant Olson, and Captain Earhart failed to protect him from being assaulted by another inmate, on May 9, 2019, in violation of the Eighth Amendment.

Moore also asserts that the defendants violated the Indiana Department of Correction's Policy and Procedure Number 02-01-107, which governs the utilization of protective custody in the prison. ECF 2 at 4. Specifically, he states that he was never given an opportunity to speak with staff designated to review protective custody requests, as required by the policy. The failure to follow policy is not a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Accordingly, Moore cannot proceed on this policy claim against the defendants.

Furthermore, Moore has filed multiple motions attempting to expedite this case. ECF 18, 19, 20. Such motions are unnecessary. It appears as though Moore believes that his filings should receive immediate attention, superior to all other matters before the court. Certainly, this case is important, but all cases filed in this court are important. This is not the only case pending before this court. It takes time to accurately review and justly rule on each filing. Doing that is delayed by unnecessary motions like the three motions Moore has filed in this case. Because they are unnecessary, the motions will be denied.

For these reasons, the court:

(1) GRANTS Garganus Moore, leave to proceed against Lieutenant Herr, Sergeant Olson, and Captain Earhart in their individual capacities for compensatory and punitive damages for failing to protect him from being assaulted by another inmate, on May 9, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Lieutenant Herr, Sergeant Olson, and Captain Earhart at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d);

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Lieutenant Herr, Sergeant Olson, and Captain Earhart to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Garganus Moore has been granted leave to proceed in this screening order;

(5) DENIES AS UNNECESSARY Garganus Moore's motion seeking assistance (ECF 18);

(6) DENIES AS UNNECESSARY Garganus Moore's motion to have his civil complaint screened (ECF 19); and

(7) DENIES AS UNNECESSARY Garganus Moore's motion regarding why his civil complaint has not been screened (ECF 20).

SO ORDERED on December 4, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT